

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-95,035-01

### EX PARTE JAMES RENFRO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2013-437,890-A IN THE 140TH DISTRICT COURT
### FROM LUBBOCK COUNTY

**KEEL, J., filed a dissenting opinion in which KELLER, P.J., and SLAUGHTER, J., joined.**

### <u>DISSENTING OPINION</u>

Applicant pled guilty to continuous sexual abuse of a child. He claims that his guilty plea was involuntary because he was misadvised about the range of punishment and parole eligibility. He fails to show a reasonable probability that he would have insisted on going to trial if he had been advised correctly about these matters.

On the contrary, correct advice about the range of punishment would have only further discouraged Applicant from going to trial. He was told the range was five to 99 years or life, but it was 25 to 99 years or life. The State's 30-year offer would have

seemed even more attractive given the minimum he faced as compared with the minimum he was told he faced.

The 30-year offer was also favorable to him because the State had a strong case. The State says its evidence included testimony from the ten-year-old victim, her outcry to a school counselor describing two years of sexual abuse, her forensic interview—the usual kind of evidence. But in addition, the State says there were carpet samples from the victim's bedroom bearing Applicant's semen, and it had Applicant's non-custodial, recorded confession to several instances of indecency with a child. Applicant says the State also had the victim's bedsheet and Applicant's typed statement. This was a strong case for the prosecution.

Given the true range of punishment, the strength of the State's case, and the low-end offer, it is unlikely that Applicant would have insisted on trial if he had been told the correct range of punishment.

As for parole, Applicant was told that he would be eligible after serving half his sentence, but there is no parole for continuous sexual abuse of a child. Still, he likely would not have insisted on trial if he had understood the parole reality because the 30-year offer would have been hard to beat at trial, and acquittal was unlikely.

Finally, he does not claim he would have insisted on trial if he had been correctly advised; he claims that he would have either insisted on trial or negotiated a better plea agreement. The latter claim undermines the former.

We should deny relief. Since the Court does otherwise, I respectfully dissent.

Filed: November 1, 2023

Do Not Publish